UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                    :
                                                         : Chapter 11
FKF 3, LLC,                                              :
                                                         : Bk Case No. 10-37170 (CGM)
                                       Debtor.           :
---------------------------------------------------------x
GREGORY MESSER, as Trustee of the                        :
FKF Trust,                                               :
                                                         :
                                       Plaintiff,        :
                                                         :
            -against-                                    :
                                                         : Case No. 13-cv-03601 (KMK) (JCM)
JOHN F. MAGEE, *et al*.[1],                              :
                                                         : Honorable Kenneth M. Karas, U.S.D.J.
                                       Defendants.       : Honorable Judith C. McCarthy, U.S.M.J.
---------------------------------------------------------x

### PLAINTIFF'S REPLY TO MAGEE DEFENDANTS' TRIAL BRIEF

                        On the brief:

                        **KLESTADT WINTERS JURELLER
                           SOUTHARD & STEVENS, LLP**
                        200 41st Street, 17th Floor
                        New York, New York 10036-7203
                        Tel: (212) 972-3000
                        Fax: (212) 972-2245
                        Fred Stevens (fstevens@klestadt.com)
                        John E. Jureller, Jr. (jjureller@klestadt.com)
                        Andrew S. Richmond (arichmond@klestadt.com)

                        *Attorneys for Plaintiff Gregory M. Messer, as
                           Trustee of the FKF Trust*

---

[1] The defendants include John F. Magee, Mitchell L. Klein, Burton R. Dorfman, Melissa A. Magee, Patrice L. Magee, Jonathan Magee, Lizbeth Magee Keefe, Lawrence J. Keefe, Jr., Valerie Magee, FKF Holding Company, LP, S.F. Properties, LLC, Commercial Construction, Inc., Bradley Industrial Park, Inc., FKF Edgewater, LLC, Aventine Edgewater LLC, FKF Retail LLC, Aventine Retail, LLC, Jerry's Self Storage, LLC, Fasman, Klein & Feldstein, LLP, and Dorfman, Knoebel & Conway, LLP.  Claims against defendants FKF V Holding Co., Rose Glasses, LLC, TA Group, LLC, and JDJ Holding Co., LLC have been settled and resolved, or a default judgment has been entered at the time of this submission on such claims.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT .................................................................................................................................. 2

    I.    THE *IN PARI DELICTO* DOCTRINE DOES NOT PROVIDE A DEFENSE TO MAGEE .... 2

        A.    *In Pari Delicto – Origin and Purpose* .................................................................................. 3

        B.    The *In Pari Delicto* Doctrine Does Not Apply For Multiple Reasons .................................. 5

        C.    The "Adverse Interest Exception" Is Not Relevant But Would Apply If It Was ................. 11

    II.    THE PROPER LOOKBACK PERIOD FOR MEMBERSHIP DISTRIBUTIONS ................. 13

        A.    The Three Year Limitation Does Not Apply To The Distributions That Went Directly To Magee's Daughters And Niece ................................................................................................ 13

        B.    The Three-Year Limitation Does Not Apply To Claims To Recover The Distributions Under The Breach Of Fiduciary Duty Theory ................................................................................ 14

CONCLUSION ............................................................................................................................ 16

# **TABLE OF AUTHORITIES**

*Cases:*

Bateman Eichler, Hill Richards, Inc. v. Berner,
472 U.S. 299, 105 S.Ct. 2622, 86 L.Ed.2d 215 (1985) ................................................................3

Board of Managers of Chocolate Factory Condo. V. Chocolate Partners, LLC,
992 N.Y.S.2d 157, 43 Misc.3d 1223, 2014 WL 1910237 (N.Y. Sup. Ct., Kings Cty. 2014) .......15

Center v. Hampton Affiliates, 66 N.Y.2d 782 (1985) ..................................................................12

Chiu v. Man Choi Chiu, 71 A.D.3d 621, 896 N.Y.S.2d 132 (2d Dep't 2010) ..............................15

Claybrook v. Broad & Cassel, P.A. (In re Scott Acquisition Corp.),
    364 B.R. 562 (Bankr. D. Del. 2007) ........................................................................................4

Deangelis v. Corzine, et al. (In re MF Global Holds. Ltd. Invsts.),
    998 F. Supp.2d 157 (S.D.N.Y. 2014) ................................................................................7, 8, 9

Flaxer v. Gifford (In re Lehr Construction Corp.), 528 B.R. 598 (Bankr. S.D.N.Y. 2015) .........11

Flaxer v. Gifford (In re Lehr Construction Corp.), 551 B.R. 732 (S.D.N.Y. 2016) ..........6, 8, 9, 11

Global Crossing Estate Representative v. Winnick,
    2006 WL 2212776 (S.D.N.Y. Aug. 3, 2006) ..........................................................................10

Hosking v. TPG Capital Management, L.P.
(In re Hellas Telecommunications (Luxembourg) II SCA),
    526 B.R. 499 (Bankr. S.D.N.Y. 2015) ....................................................................................11

In re KDI Holdings, Inc., 277 B.R. 493 (Bankr. S.D.N.Y. 1999) .................................................11

In re Optimal U.S. Litig., 813 F. Supp. 2d 383 (S.D.N.Y. 2011) .................................................10

In re Refco Inc. Sec. Litig., 2010 WL 6549830 (S.D.N.Y. Dec. 6, 2010) ............................6, 8, 10

Kirschner v. KPMG LLP, 15 N.Y.3d 446, 912 N.Y.S.2d 508 (2010) ................................. passim

McHale v. Citibank, N.A. (In re 1031 Group, LLC),
    420 B.R. 178 (Bankr. S.D.N.Y. 2009)............................................................................6, 8, 9

Mediators, Inc. v. Manney (In re Mediators, Inc.), 105 F.3d 822 (2d Cir. 1997) ........................10

O'Connell v. Shallo (In re Die Fliedermaus LLC), 323 B.R. 101 (Bankr. S.D.N.Y. 2005) .....9, 15

Picard v. JPMorgan Chase & Co., et al. (In re Bernard L. Madoff Investment Securities LLC),
    721 F.3d 54 (2d Cir. 2013) ...................................................................................6, 8, 9

Republic of Iraq v. ABB AG, 768 F.3d 145 (2d Cir. 2014) ...........................................................5

Sacher v. Beacon Assocs. Mgmt. Corp.,
    114 A.D.3d 655, 980 N.Y.S.2d 121 (2d Dep't 2014) ................................................5

Solomon v. Barman (In re Barman), 237 B.R. 342 (Bankr. E.D. Mich 1999) ...............................9

Stone v. Freeman, 298 N.Y. 268, 82 N.E.2d 571 (1948)................................................................4

Teras Int'l Corp. v. Gimbel, 2014 WL 7177972 (S.D.N.Y. Dec. 17, 2014) ...........................10, 11

United States v. Owens, 27 U.S. 527 (1829) ..................................................................................4

Williamson v. Culbro Corp. Pension Fund, 41 A.D.3d (2007) ...................................................15

*Other Authorities:*

N.Y. CPLR § 214..........................................................................................................................15

N.Y. L$_{TD.}$ L$_{IAB.}$ C$_{O.}$ L$_{AW}$ § 102(i) .........................................................................................13

N.Y. L$_{TD.}$ L$_{IAB.}$ C$_{O.}$ L$_{AW}$ § 409 ..................................................................................................9

N.Y. L$_{TD.}$ L$_{IAB.}$ C$_{O.}$ L$_{AW}$ § 508 ................................................................................................15

N.Y. L$_{TD.}$ L$_{IAB.}$ C$_{O.}$ L$_{AW}$ § 508(c)................................................................................13, 14, 15

**PRELIMINARY STATEMENT**

On October 20, 2017, Gregory M. Messer, in his capacity as Trustee of the FKF Trust and plaintiff herein (the "Trustee" or "Plaintiff"), submitted a comprehensive memorandum of law setting forth his legal arguments with respect to all live issues in this case (the "Trustee Brief") [Docket No. 39], as did Magee[2] and related defendants (the "Magee Brief") [Docket No. 37]. The Trustee does not repeat the points made in the Trustee Brief here, but rather responds to just two particular legal issues set forth in the Magee Brief that need to be addressed.[3]  Those issues addressed herein are:

1. Whether the *in pari delicto* doctrine invoked by Magee provides Magee with a defense to the Trustee's claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion or contribution; and

2. The appropriate lookback period for challenging certain distributions made by FKF 3 to its members or on account of its members' membership interests.

First, Magee asserts the *in pari delicto* doctrine in defense of the claims asserted by the Trustee under New York law, primarily the breach of fiduciary duty claim. The oft-misunderstood *in pari delicto* doctrine is uniquely alluring to a defendant in Magee's position because it potentially provides a wrongdoer with a 'silver bullet' defense to claims asserted by a bankruptcy trustee that would otherwise be viable. However, as set forth below, Magee misunderstands and misapplies the doctrine which has no application to the claims asserted by the Trustee under these circumstances.

---

[2]  Unless otherwise defined herein, all Capitalized Terms shall have the same meanings ascribed to them in the Trustee Brief.

[3]  For the most part, the Magee provided relevant law with respect to each of the Trustee's claims, but did not contain any argument to which a response is necessary. However, there were two key areas of argument in the Magee Brief where there is a clear disagreement between the Trustee and Magee requiring a ruling.

Second, both the Trustee and Magee acknowledge and agree that the LLCL shortens from six to three years the lookback period for the recovery of distributions to members of an LLC on account of their membership interests as fraudulent conveyances under the DCL or as a breach of the effective operating agreement. However, there are two key points of disagreement: (i) the Trustee asserts that under the circumstances, the three-year limitation under the LLCL does not apply to distributions made on account of Magee's membership interests that went directly from FKF 3 to Magee's daughters and niece; and (ii) the three-year limitation does not apply to claims to recover the transfers under common law theories like breach of fiduciary duty as opposed to under the DCL or for breach of an operating agreement.

For the reasons set forth below, the Trustee submits that the *in pari delicto* doctrine does not provide a defense to Magee under any of the Trustee's claims, and that the proper lookback period on membership distributions that went from FKF 3 directly to Magee's daughters and niece is six and not three years.

## STATEMENT OF FACTS

The Trustee does not repeat the statement of facts set forth in the Trustee Brief at pages 3 to 15 again here, but respectfully refers the Court to them for a recitation of the relevant factual background.

## ARGUMENT

### I. THE *IN PARI DELICTO* DOCTRINE DOES NOT PROVIDE A DEFENSE TO MAGEE

The Trustee has asserted claims against the Principals under New York law based upon alleged breaches of their fiduciary duties of care and loyalty owed to FKF 3. While the Trustee asserts that all three Principals (*i.e.*, Magee, Klein and Dorfman) were managers of FKF 3 and consequently owed fiduciary duties to FKF 3, Magee and Dorfman assert that only Klein was a

manager and fiduciary of FKF 3. Consequently, Magee and Dorfman assert that they owed no fiduciary duties to FKF 3. That is a key issue of fact for the jury. In the event the jury finds against the Trustee on that issue, the Trustee has asserted an alternative claim against Magee and Dorfman for aiding and abetting Klein's breach of fiduciary duties to FKF 3.

In the Magee Brief, Magee argues that the doctrine of *in pari delicto* (meaning "of equal fault")[4] provides an absolute defense to Magee on these claims as follows:

> Where the claims asserted by the Trustee in this action against Magee arise pursuant to New York law for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion or contribution, and where the manager of FKF3 is proven by Magee or the Trustee to be liable for such wrongs, then the *in pari delicto* doctrine applies (absent proof by the Trustee establishing 'adverse interest') and the Trustee is precluded from going to the jury against Magee on those claim(s).

Magee Brief, p.12, ¶21.

Magee has it wrong and is confused about the origin and application of the *in pari delicto* doctrine, as well as the factual underpinnings of the Trustee's claims. Below, the Trustee explains the often misunderstood and incorrectly invoked *in pari delicto* doctrine and then debunks its attempted use here by Magee. Alternatively, the Trustee explains why, if necessary, this case fits within a recognized exception to the doctrine.

### A. *In Pari Delicto – Origin and Purpose*

"The doctrine of in pari delicto mandates that the courts will not intercede to resolve a dispute between two wrongdoers." Kirschner v. KPMG LLP, 15 N.Y.3d 446, 464, 912 N.Y.S.2d 508, 517 (2010). The underlying principle is to prevent "the creditors and shareholders of the

---

[4] In its full form, *in pari delicto potior est condition defendentis* means "in a case of equal or mutual fault. . . . the position of the [defending party]. . . is the better one." Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 306, 105 S.Ct. 2622, 86 L.Ed.2d 215 (1985) (alterations in original) (quoting Black's Law Dictionary 711 (5th ed. 1979)).

company that employs miscreant agents to enjoy the benefit of their misconduct without suffering the harm." Id. at 476–77, 912 N.Y.S.2d at 526.

> [N]o court should be required to serve as paymaster of the wages of crime, or referee between thieves. Therefore, the law will not extend its aid to either of the parties or listen to their complaints against each other, but will leave them where their own acts have placed them.

Id. at 464 (quoting Stone v. Freeman, 298 N.Y. 268, 271, 82 N.E.2d 571 (1948)); see also United States v. Owens, 27 U.S. 527, 538 (1829) ("[N]o court of justice can in its nature be made the handmaid of iniquity."); Claybrook v. Broad & Cassel, P.A. (In re Scott Acquisition Corp.), 364 B.R. 562, 566 (Bankr. D. Del. 2007) (describing the equitable doctrine's purposes of preventing "culpable parties from benefitting from their wrongdoings" and ensuring that courts do not mediate disputes among wrongdoers).

As set forth below, the assertion of the *in pari delicto* doctrine as a defense is typically invoked when a bankruptcy trustee asserts claims against a third party in connection with the third party's participating in, failure to detect, or contribution to a fraud committed by the debtor's principals and by imputation, the debtor itself. See, e.g., Kirschner v. KPMG LLP, 15 N.Y.3d 446, 912 N.Y.S.2d 508 (2010). In such a case, the fraud committed by the debtor's principals, as agents of the debtor, is imputed to the debtor. The bankruptcy trustee in this typical scenario, although an independent fiduciary, stands in the shoes of the debtor, and thus, is considered to be a wrongdoer and participant in the bad acts that the trustee now complains of. The *in pari delicto* doctrine is asserted by the third party in defense of the trustee's claims on the basis that one wrongdoer cannot sue to recover from another wrongdoer and thereby profit from his own misconduct.

Here, Magee wants to claim that Klein committed a fraud and that FKF 3 is imputed with that wrongdoing because Klein was its lawful agent. Then, Magee intends to claim that

4

Klein/FKF 3's fraud underlies the Trustee's claims, and thus, the Trustee as a wrongdoer cannot seek to recover from Magee, even if Magee is a wrongdoer himself.  Magee has it wrong.  Klein and FKF 3 are not wrongdoers in any way that underlies or even matters to the Trustee's core claims under New York law, all of which are based upon the assertion that the Principals committed wrongs against FKF 3, not that the Principals and FKF 3 committed wrongs against others.  Further, Magee is not a third party or an outsider to FKF 3 that the Trustee is trying to make liable to FKF 3 for FKF 3's sins.  To the contrary, under the Trustee's theory of the case, Magee is a manager and fiduciary to FKF 3.  Finally, even if the *in pari delicto* doctrine provided some cover to Magee, there is a valid legal exception to its implication because the alleged wrongful acts of the Principals were adverse to the interests of FKF 3.

### B.  The *In Pari Delicto* Doctrine Does Not Apply For Multiple Reasons

Magee misunderstands the intent, purpose and application of the *in pari delicto* doctrine, and the factual underpinnings of the Trustee's claims.

#### *1. FKF 3 Is Not A Wrongdoer Under The Trustee's Legal Theories*

First, in order for the *in pari delicto* doctrine to apply, FKF 3 has to have been "an active, voluntary participant in the unlawful activity that is the subject of the suit."  Republic of Iraq v. ABB AG, 768 F.3d 145, 162 (2d Cir. 2014);  Sacher v. Beacon Assocs. Mgmt. Corp., 114 A.D.3d 655, 657, 980 N.Y.S.2d 121, 124 (2d Dep't 2014) (citing Kirschner, 15 N.Y.3d at 474, 912 N.Y.S.2d 508 ("The defense requires intentional conduct on the part of the plaintiff or its agents.")

Magee misunderstands the factual bases of the Trustee's claims.  The Trustee's fiduciary duty claims are not based or contingent upon a fraud having been committed by FKF 3's agents

5

imputed to FKF 3. The Trustee's claims are based upon the Principals' alleged disloyalty and self-dealing with respect to FKF 3 itself.[5]

The Trustee compares this case to a number of cases interpreting and correctly applying the *in pari delicto* doctrine. In each case, as compared to this one, the trustee's claims were based upon a fraud or wrongdoing committed by the debtor's principals <u>against</u> <u>others</u> and imputed to the debtor:

| Case | Fraud or Wrongdoing Imputed to Plaintiff That Forms the Basis for the Plaintiff/Trustee's Claims |
|---|---|
| <u>Kirschner v. KPMG LLP</u>, 15 N.Y.3d 446, 912 N.Y.S.2d 508 (2010) ("<u>Kirschner</u>") | Trustee of Refco creditor trust alleged that Refco, through management, initiated deceptive loans which hid hundreds of millions of dollars of the company's uncollectable debt and deceived investors and lenders. Trustee sued a number of lawyers, accountants, investment banks and customers, for aiding and abetting or failing to discover Refco's management's fraudulent acts. |
| <u>Flaxer v. Gifford (In re Lehr Construction Corp.)</u>, 551 B.R. 732 (S.D.N.Y. 2016) ("<u>Lehr</u>") | Trustee of Lehr Construction alleged that Lehr, through management, fraudulently billed customers for work that was not performed and conspired with subcontractors and others in doing so. Bankruptcy trustee of Lehr sued a non-insider employee of Lehr under the faithless servant doctrine for return of wages paid because he was participating in the fraud. |
| <u>McHale v. Citibank, N.A. (In re 1031 Group, LLC)</u>, 420 B.R. 178 (Bankr. S.D.N.Y. 2009) ("<u>1031 Group</u>") | Debtors' principal allegedly misappropriated hundreds of millions of dollars held by the debtors and deposited in the debtors' accounts at Citibank and other banks. The bankruptcy trustee sued Citibank for aiding and abetting the debtors' principal's fraud by failing to detect or stop it. |
| <u>Picard v. JPMorgan Chase & Co., et al. (In re Bernard L. Madoff Investment Securities LLC)</u>, 721 F.3d 54 (2d Cir. 2013) | Debtor's principal, Bernard L. Madoff, ran perhaps the most notorious Ponzi scheme in history. The SIPC trustee asserted claims against numerous financial institutions for breach of fiduciary duty, aiding and abetting fraud and others for ignoring warning signs in the interests of making huge bank fees, and |

---

[5] Indeed, the only potential fraud that the Trustee has alleged existed is that FKF 3 (by and through its Principals) *may have* defrauded its creditors by misrepresenting the nature of FKF 3's investments and the Principals' conflicts of interest.[5] However, this potential fraud, whether proven or not, is not the basis of the Trustee's claims against Magee, Dorfman and Klein. That fraud, if proven, would be a wrong committed by Klein or other Principals against those specific, misled creditors. What the Trustee complains about here is the Principals' disloyalty and misconduct with respect to FKF 3.

Magee has also asserted that Klein and perhaps Dorfman committed an additional accounting or other fraud, although Magee has not explained that alleged fraud in detail. Regardless, the additional crime alluded to by Magee does not form the basis of the Trustee's claims either.

6

| ("Madoff") | thereby permitting the earlier discovery of the massive fraud. |
|---|---|
| Deangelis v. Corzine, et al. (In re MF Global Holds. Ltd. Invsts.), 998 F. Supp.2d 157, 189-191 (S.D.N.Y. 2014) ("MF Global") | MF Global, by certain principals, improperly propped up the company and moved funds out of customer accounts to fund other expenses of the companies, ultimately leading to a $1.6 billion shortfall to customers. Assignees of the bankruptcy trustee's claims brought numerous claims including claims against PwC, MF Global's third party auditor, for breach of fiduciary duty and professional negligence in failing to detect and stop the wrongful activities. |
| **Compared to:** | |
| FKF 3 | None. An allegation of wrongdoing by FKF 3 does not underlie the Trustee's relevant claims. The Trustee's claims are based upon the Principals' alleged wrongdoing to FKF 3, not the Principals'/FKF 3's alleged wrongdoing to third parties. |

In the instant action, as alleged, it was FKF 3 that was, *inter alia*, on the other side of the conflicted transactions, and thus whose interests were compromised by the Principals' breach of fiduciary duties. Thus, in the first instance, FKF 3 is not even a wrongdoer in any way that relates to the Trustee's claims. This is clearly distinguishable from each and every case cited above where the *in pari delicto* doctrine was successfully applied.

### 2. *The Victim Of The Alleged Wrongdoing Was FKF 3, Not A Third Party*

The aggrieved party in the Trustee's claims is FKF 3, not the victims of some wrongdoing by FKF 3 and its Principals that the FKF Trust is now liable to. This is not to say that FKF 3's creditors were not harmed by the Principals' wrongful acts to FKF 3, or that the Trustee is not duty-bound to recover money to repay FKF 3's creditors. However, in each of the cases analyzed where the *in pari delicto* doctrine was successfully applied, the victim of the wrongful conduct that the plaintiff complains of was not the debtor itself but rather a third party, and it was the debtor itself in those cases that was one of the parties that committed a wrong against the victims.

The Trustee compares this case to those as follows:

7

| Case | Direct Victims of the Debtor's Wrongdoing |
|---|---|
| Kirschner | The victims were the lenders and investors of Refco who were duped by the misleading financials and deceptive reporting practices of Refco by its management. |
| Lehr | The victims were Lehr's customers who were duped by Lehr's fraudulent billing practices. |
| 1031 Group | The victims were the debtors' customers who deposited funds with the debtors for the purpose of funding real estate investments and avoiding the immediate tax consequences under section 1031 of the Internal Revenue Code, and then had those funds misappropriated by the debtors. |
| Madoff | The victims were the defrauded investors who thought their savings were being invested in blue chip equities. |
| MF Global | The victims were MF Global's customers who suffered the shortfall in their accounts by virtue of the wrongdoing that PwC allegedly failed to detect. |
| **Compare to:** | |
| FKF 3 | FKF 3 was the victim of the Principals' disloyalty to FKF 3. |

Thus, in this case, FKF 3 is the victim of the Principals' wrongdoing alleged by the Trustee. The Trustee is not trying to hold the Principals liable for things they and FKF 3 by imputation did against FKF 3's creditors or others. This is completely different from the other instances where the doctrine is applied as cited above.

### 3. *FKF 3 Did Not Benefit From Any Alleged Wrongful Conduct*

Next, in the cases where the *in pari delicto* doctrine was successfully applied, the debtor had benefited from the wrongdoing imputed to it, as compared to here where there was no wrongdoing that forms the basis of the claims at issue, and if so, FKF 3 was not a beneficiary of it. The Trustee compares those cases as follows:

| Case | Did Debtor Benefit From Its Wrongdoing? |
|---|---|
| Kirschner | Yes. Refco raised money in the capital markets by misleading investors and benefited by the additional money raised. |
| Lehr | Yes. Lehr Construction profited from its fraudulent billing of its customers. |
| 1031 Group | Yes. 1031 Group received significant funds from clients as a result of its principals' misrepresentations. |

8

| | |
|---|---|
| Madoff | Yes. The debtor raised and took in billions by virtue of the fraud. |
| MF Global | Yes. MF Global raised money and propped up its operations by the wrongdoing. |
| **Compare to:** | |
| FKF 3 | No. FKF 3 was the victim of the Principals' breach of fiduciary duties owed to FKF 3. |

Thus, FKF 3 did not benefit from the wrongdoing as each debtor had in the cases where the *in pari delicto* doctrine was successfully invoked by the defendant.

### 4. *Magee Is An Insider And The In Pari Delicto Doctrine Cannot Apply*

In every application of the *in pari delicto* doctrine, the protected party is an outsider to the debtor, quite often a professional or financial institution, and certainly not an officer, director or person in charge of the debtor. Here, Magee is not an outsider, but under the Trustee's theory, one of three managers of FKF 3.[6]

Again, a comparison of this case to a number of seminal decisions interpreting and applying the *in pari delicto* doctrine is instructional:

| **Case** | **Defendants Asserting the *In Pari Delicto* Doctrine** |
|---|---|
| Kirschner | Outside lawyers, accountants, investment banks and customers. |
| Lehr | Non-insider employee. |
| 1031 Group | Outside financial institution. |
| Madoff | Outside financial institutions. |
| MF Global | Outside auditor. |

---

[6] Magee and Dorfman argue that they were not managers of FKF 3. Interesting, one of the authorities relied upon by Magee in the Magee Brief for the proposition that the 6 year lookback period for the recovery of wrongful LLC membership distributions is limited to 3 years under the LLCL (discussion in Section II below), has this to say about the presumption of the Principals' control over FKF 3:

> . . . the LLCL presumptively puts members in control of the LLC, and as such they are in a position to exert influence over the LLC. This sufficiently places them within the parameters of the Bankruptcy Code's definition of insider. See *Solomon v. Barman (In re Barman)*, 237 B.R. 342, 348 (Bankr. E.D. Mich 1999) (no dispute that members of an LLC were insiders).
>
> As insiders, the Victor Defendants at least had a *prima facie* fiduciary duty. See LLCL § 409. At a later stage of the case they may be able to show lack of control or any management responsibility, . . . .

O'Connell v. Shallo (In re Die Fliedermaus LLC), 323 B.R. 101, 111 (Bankr. S.D.N.Y. 2005).

| Compare to: | |
|---|---|
| FKF 3 | Insider manager of the Debtor. |

If Magee were right and he could successfully assert the *in pari delicto* doctrine in defense of the Trustee's claims here, then no bankruptcy trustee could ever sue a fiduciary who committed any breach of its fiduciary duties to a debtor. This would lead to an absurd result, and is why the *in pari delicto* doctrine does not apply when a trustee is suing a company's fiduciaries who controlled the company for the wrong they conducted while acting as a fiduciary. See In re Optimal U.S. Litig., 813 F. Supp. 2d 383, 400 (S.D.N.Y. 2011) (quoting In re Refco Inc. Sec. Litig., Nos. 07 MD 1902, 08 Civ. 3065, 08 Civ. 3086, 08 Civ. 7416, 08 Civ. 8267, 2010 WL 6549830, at *16 (S.D.N.Y. Dec. 6, 2010) (Report and Recommendation of Capra, Daniel J., Special Master), adopted in part, rejected in part, 779 F. Supp. 372 (S.D.N.Y. 2011) (emphasis in Optimal) ("It bears noting that in pari delicto 'does not apply to the actions of fiduciaries who are insiders in the sense that they either are on the board or in management, *or in some other way control the corporation*.'"); Global Crossing Estate Representative v. Winnick, No. 04 Civ. 2558, 2006 WL 2212776, at *15 (S.D.N.Y. Aug. 3, 2006) ("[T]o the extent plaintiff can establish that defendants' alleged control and domination of Global Crossing rendered them corporate insiders and fiduciaries, *Wagoner* and the 'in pari delicto' rules will not bar plaintiff's fiduciary duty claims.") (citing Mediators, Inc. v. Manney (In re Mediators, Inc.), 105 F.3d 822, 826–27 (2d Cir. 1997) ("We agree that a bankruptcy trustee, suing on behalf of the debtor under New York law, may pursue an action for breach of fiduciary duty against the debtor's fiduciaries.")); Teras Int'l Corp. v. Gimbel, No. 13-cv-6788 (VEC), 2014 WL 7177972, at *10 (S.D.N.Y. Dec. 17, 2014) ("Claims against insiders for their acts as corporate fiduciaries are not barred by *in pari delicto*, because it would be absurd to allow a wrongdoing insider to rely on the imputation of his own conduct to the corporation as a defense.") (internal quotations marks and citation

10

omitted); In re KDI Holdings, Inc., 277 B.R. 493, 518 (Bankr. S.D.N.Y. 1999) ("[T]he Committee has alleged sufficient facts with regard to Austin's and Schneider's insider status through domination and control to render the in pari delicto defense inapplicable in this case."); Hosking v. TPG Capital Management, L.P. (In re Hellas Telecommunications (Luxembourg) II SCA), 526 B.R. 499, 512 (Bankr. S.D.N.Y. 2015) ("the *Wagoner* rule and *in pari delicto* doctrine do not apply" to insiders).[7]

Here, the fact that Magee is an insider under the Trustee's theory of the case makes the *in pari delicto* doctrine inapplicable "because it would be absurd to allow a wrongdoing insider to rely on the imputation of his own conduct to the corporation as a defense." Teras Int'l Corp. v. Gimbel, 2014 WL 7177972, at *10.

### C. The "Adverse Interest Exception" Is Not Relevant But Would Apply If It Was

As discussed above, the application of the *in pari delicto* doctrine necessarily depends upon the imputation of a principal/agent's wrongdoing against third parties that forms the basis of a trustee's claims. In this case, we do not even get there because the Trustee's claims are not based upon a wrongdoing by FKF 3 and its Principals against third parties, but upon a wrongdoing by the Principals against FKF 3. The "adverse interest exception" is an exception to the rule of imputation of an agent's acts to the debtor when the agent "*totally abandoned* his principal's interests and" acted "*entirely* for his own or another's purposes." Kirschner v.

---

[7] In Lehr, 551 B.R. at 739, District Judge Gregory H. Woods went against the overwhelming amount of authority on this issue and found that he did "not see a foundation for the 'insider' exception to imputation for purposes of the *in pari delicto* defense as it exist *under New York law*. Id. (emphasis in original). In addition to going against the weight of authority recognizing that the *in pari delicto* doctrine does not apply to a trustee's claims against a debtor's insiders, Judge Woods' views on this issue were in dicta and not relevant to the holding which affirmed the bankruptcy court's application of the *in pari delicto* doctrine while recognizing the insider exception to imputation. Id. (commenting on holding in Flaxer v. Gifford (In re Lehr Construction Corp.), 528 B.R. 598, 609 (Bankr. S.D.N.Y. 2015). Regardless, none of the cases where the *in pari delicto* doctrine was applied were with respect to an insider of the debtor entity.

KPMG LLP, 15 N.Y.3d at 466 (quoting Center v. Hampton Affiliates, 66 N.Y.2d 782, 784-85 (1985)) (emphasis added by Kirschner court).

We first have to have wrongful conduct by a principal of the debtor *that forms the basis of* the claims asserted by the trustee *before* we are concerned about whether the adverse interest exception would stop the principal's wrongful conduct from being imputed on the debtor.  Here, as set forth at length above, the Principals' wrongful conduct against third parties does not form the basis of the Trustee's claims at issue, so we do not even get there.

Further, even if the jury finds that Magee was not a manager and did not owe fiduciary duties to FKF 3, Magee still could not successfully assert the *in pari delicto* doctrine in defense of the aiding and abetting claim because the imputation of a wrong committed against third parties by Klein is not the basis for the Trustee's claim.  Again, in that scenario, the Trustee is asserting that Klein breached his duties to FKF 3 and that Magee aided and abetted that breach. Still, if there were a mistaken attempt to apply the *in pari delicto* doctrine in that scenario, or to any other related claims, the adverse interest exception to imputation would apply because all the activities that the Trustee complains of had to do with the Principals' abandoning their obligations to FKF 3 solely in favor of their own self-interests.

As stated at length, there is no reason to even reach the adverse interest exception to imputation because the *in pari delicto* doctrine does not apply in this case in the first instance for at least the four reasons cited above, any single one of which standing alone would be sufficient to eliminate the *in pari delicto* doctrine as a defense.  However, even if the *in pari delicto* doctrine could apply, all of the wrongs of Klein (as well as the other Principals) that the Trustee complains of were clearly adverse to the interests of FKF 3, and thus, the adverse interest exception to imputation would apply.

## II. THE PROPER LOOKBACK PERIOD FOR MEMBERSHIP DISTRIBUTIONS

### A. The Three-Year Limitation Does Not Apply To The Distributions That Went Directly To Magee's Daughters And Niece

The Trustee and Magee are in agreement that Section 508(c) of the LLCL shortens the lookback period for the recovery of distributions to a member of an LLC under a fraudulent transfer theory from six to three years. However, there is a disagreement regarding whether the distributions made directly to Magee's daughters and niece on account of his membership interest are subject to that limitation.

The term "distribution," as defined by the LLCL, means "the transfer of property by a limited liability company *to one or more of its members* in his or her capacity as a member." N.Y. LTD. LIAB. CO. LAW § 102(i) (emphasis added). The clear statutory definition of a distribution is a transfer to the member, not to another individual or entity. The transfers at issue here did not go to FKF 3's member, but to third parties. While Magee and his daughters and niece may argue that it should not matter, that argument fails when you analyze the transfers further and why Magee chose this irregular means of distribution.

If Magee wanted to give money to his daughters and niece, the simple and logical thing to do would have been for Magee to receive his distributions (which would clearly subject them to the three-year limitation), and then Magee could disburse them to whomever he wished. However, this was not what they did. The distributions went directly from FKF 3 to Magee's daughters and niece.[8] Then, the recipients did not treat those distributions as gifts from Magee

---

[8] Magee provided the following explanation for this system of distribution at his deposition:

> A. No, I asked Mitch [Klein], because, you know, I'm 70 years old, I don't need all this money. And the kids are just starting and they're doing, you know, they're buying homes, having children and stuff.
> So I says to Mitch look, I don't need the money right now. Let's just spread it around a little bit.

13

for income tax purposes, but rather as interest income directly to the daughters and niece from FKF 3.  That step required FKF 3 to issue 1099s to the recipients classifying those payments as something they were not, which those recipients received and reported on their tax returns filed with the relevant state and federal governments.  This treatment would theoretically allow for the recipients to pay income tax on the distributions at their relevant tax rate, and allow Magee to avoid both the income taxes on the distributions and a second round of estate taxes when/if the funds enhanced his distributable estate upon his death.  However, regardless of the reason, the defendants intentionally decided that Magee would not receive the distributions, and that the daughters and niece would receive the distributions that they had no contractual or other right to receive.

Magee's daughters and niece signed and filed with the government income tax returns where they declared the distributions as interest income knowing that those payments were in fact not for interest.  Consequently, the recipients should lose the benefit of the Section 508(c) of the LLCL, the clear language of which requires that the distribution go to the member.

### B. The Three-Year Limitation Does Not Apply To Claims To Recover The Distributions Under The Breach Of Fiduciary Duty Theory

Magee argues that the three-year lookback limitation in Section 508(c) of the LLCL not only applies to the Trustee's theories under fraudulent transfer theory, but also breach of fiduciary duty.

---

      I says we'll give Patrice 10, give Liz 10 and Valerie, I says, Valerie happens not to be my daughter, but happens to be my brother's son's wife, who was really strapped at the time.  And I said give her a thousand.
      I should have said give her more, but at the time, I gave her a thousand.  But we were involved in other things with her.

Q.    Was there any reason that FKF 3 would issue those checks, as opposed to your issuing those checks after you received your distribution?
A.    That's what I should have done.  But I didn't do it that way.

Magee Deposition Transcript, p.204, L.21 to p.205, L.18.

14

In support of this claim, Magee cites to O'Connell v. Shallo (In re Die Fliedermaus LLC), 323 B.R. at 109. However, in that case, the bankruptcy court dismissed the claims for recovery of wrongful membership distributions made later than three years before the petition date under fraudulent transfer and contract theory but specifically <u>did</u> <u>not</u> dismiss or limit the trustee's claim to recover the distributions later than three years under a breach of fiduciary duty claim. Magee also cites Chiu v. Man Choi Chiu, 71 A.D.3d 621, 623, 896 N.Y.S.2d 132, 134 (2d Dep't 2010), in support of his argument that claims to recover membership distributions under a breach of fiduciary duty theory beyond three years are barred by Section 508(c) of the LLCL. However, the case makes no reference to Section 508 of the LLCL and instead the three-year limitation is based upon Section 214 of the New York Civil Practice Law and Rules, which limits actions for malpractice to three years.[9]

Magee has not identified any authority that would limit the lookback period for attacking membership distributions under a breach of fiduciary duty theory to three years. Accordingly, the look back period on attacking membership distributions under the breach of fiduciary duty claims should be six years.

---

[9] Similarly, the other cases cited by Magee are not relevant to the issue of the application of the LLCL limitation to a breach of fiduciary duty theory. See Williamson v. Culbro Corp. Pension Fund, 41 A.D.3d (2007) (applying a similar 3-year limitation found in New York partnership law for trustee's claim to recover wrongful distributions to partners under fraudulent transfer theory and for breach of the operating agreement); Board of Managers of Chocolate Factory Condo. V. Chocolate Partners, LLC, 992 N.Y.S.2d 157, 43 Misc.3d 1223, 2014 WL 1910237 (N.Y. Sup. Ct., Kings Cty. 2014) (applying 3-year limitation in the LLCL to recovery of wrongful distributions under fraudulent transfer theory or breach of the operating agreement).

## **CONCLUSION**

For the reasons set forth at length above and in the Trial Brief, the Trustee asserts that he is entitled to judgment on the claims asserted in this case following the submission of evidence to the jury.

Dated:   New York, New York
         November 3, 2017

                                       **KLESTADT WINTERS JURELLER
           SOUTHARD & STEVENS, LLP**

By:   */s/ Fred Stevens*
      Fred Stevens
      John E. Jureller, Jr.
      Andrew S. Richmond
      200 W. 41st Street, 17th Floor
      New York, New York 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: fstevens@klestadt.com
             jjureller@klestadt.com
             arichmond@klestadt.com

*Counsel to Plaintiff Gregory Messer, as
  Trustee of the FKF Trust*