# HAYWARD, PARKER, O'LEARY & PINSKY

ATTORNEYS AND COUNSELLORS AT LAW

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

P.O. BOX 929
225 DOLSON AVENUE, SUITE 303
MIDDLETOWN, NEW YORK 10940

TEL: (845) 343-6227
FAX: (845) 343-1927
www.midhudsonbankrptcylawyers.com

MICHAEL O'LEARY
MICHAEL D. PINSKY, P.C.
_____

RICHARD L. PARKER
(1946-2006)

GUY J. HAYWARD
OF COUNSEL
SARANAC LAKE, N.Y.
(518) 891-7330
_____

EUGENE J. GRILLO
OF COUNSEL

June 1, 2018

The Honorable Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   Gregory Messer, as Trustee of the FKF Trust v. John F. Magee, et al.,
      13-cv-03601 (JCM)

Dear Judge McCarthy:

In anticipation of the telephone conference with chambers tentatively scheduled for 3:00 p.m. today, please accept this letter motion for directed verdict with respect to one bankruptcy specific count: turnover pursuant to 11 U.S.C. section 542.

The turnover claim is addressed in the Plaintiff's revised proposed jury instructions (Doc. 91, page 35 of 63) as proposed instruction 20. Defendants have not submitted a proposed revised instruction on turnover because turnover of amounts transferred by a debtor in bankruptcy to a third party lose their character as "property of the estate" as a matter of law, unless and until such transfers are first avoided under the Bankruptcy Code or applicable nonbankruptcy law, here New York law. *FDIC v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125 (2d Cir. 1992).

The Plaintiff has asserted various avoidance claims in this action for fraudulent conveyances and preferences. If one or more of the plaintiff's avoidance claims is successful and recovery is granted under 11 U.S.C. section 550, then and in that event the character of the property reverts to "property of the [bankruptcy] estate," a defined terms under section 541(a) of the Bankruptcy Code, and turnover under section 542 is available to return the debtor's property to the estate (or here, to the liquidating trustee). As stated by the Second Circuit panel in *Colonial Realty*, "the inclusion of property recovered by the trustee pursuant to his avoidance powers . . . clearly reflects the congressional intent that such property is not to be considered property of the estate until it is recovered."  FDIC v. Hirsch (In re Colonial Realty), supra, 980 F.2d at 131. Recovery is made available to the plaintiff trustee under 11 U.S.C. section 550 once a transfer is avoided.

It is therefore improper to submit the plaintiff's proposed turnover instruction to the jury (asking in effect whether previously transferred property is "property of the estate" prior to the avoidance of any contested FKF 3 transfer and its recovery under Bankruptcy Code section 550, since as a matter of law the property in question cannot be property of the estate prior to its avoidance and recovery.

The plaintiff also erroneously combines turnover with conversion in his revised proposed instruction 20. If the jury determines that Mr. Magee has converted the property of FKF 3 in connection with the Diane Roberts LLC loan or the Gregory Haden loan, the remedy for conversion under New York law is damages, not avoidance and recovery under Chapter 5 of the Bankruptcy Code.

Thank you for your consideration of this matter.

Very truly yours,

/s/ Michael D. Pinsky

MP/

Cc:   (All by electronic mail)
      Fred Stevens, Esq.
      John Jureller, Esq.
      Lauren Kiss, Esq.
      Michael Burke, Esq.